UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

K-2 CORPORATION,

        Plaintiff,

  v.

BODY GLOVE INTERNATIONAL, LLC,

        Defendant.

CASE NO. C09-0042JLR

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND TEMPORARY RESTRAINING ORDER

## I. INTRODUCTION

This matter comes before the court on Plaintiff K-2 Corporation's ("K-2") ex parte motion for a temporary restraining order, a seizure and impound order, an expedited discovery order, and an order to show cause why a preliminary injunction should not issue. (Dkt. # 2). As outlined below in the court's findings of fact and conclusions of law, the court GRANTS Plaintiff's motion in part, DENIES it in part, and orders the parties to appear on <u>Thursday, January 22, 2009, at 1:30 p.m.</u> for a hearing on preliminary injunction.

## II. FINDINGS OF FACT

1.    K-2 is an Indiana corporation with a principal place of business in Seattle, Washington.

ORDER – 1

2. K-2 is the owner of United States Trademark No. 1,878,278 for the "RIDE" trademark.
3. K-2 sells snowboards, snowboard clothing, and snowboard accessories nationwide under the "RIDE" trademark listed above.
4. K-2 distributes its snowboards, snowboard clothing, and snowboard accessories for retail sale only to authorized dealers and resellers.
5. K-2 sells snowboard pants named the "Nellis Vented Cargo Pants" ("Nellis Pants").
6. On January 9, 2009, K-2 filed an application for registration of copyright with the U.S. Copyright Office for the fabric surface pattern of the Nellis Pants.
7. The Nellis Pants include the "RIDE" trademark on their design in a white script font.
8. K-2 also sells a snowboard named the "RIDE DH Snowboard" ("DH Snowboard").
9. The DH Snowboard incorporates a two-dimensional artwork design on the bottom of the board, as well as the "RIDE" trademark.
10. Defendant Body Glove International, LLC ("Body Glove") is a California limited liability company.
11. Body Glove sells snowboard pants under the name "Body Glove, Snow Technology, Stormblock Series" ("Stormblock Pants").
12. The Stormblock Pants use a fabric surface pattern similar to the fabric surface pattern used in the Nellis Pants.
13. The Stormblock Pants include the word "Ride" on their design in a white script font substantially similar or identical to the white script font used on the Nellis Pants for the "RIDE" trademark.

ORDER – 2

14. The hangtag for the Stormblock Pants includes a photograph of a snowboarder using a snowboard with the DH Snowboard's two-dimensional artwork design but without the "RIDE" trademark.

15. The Stormblock Pants are being sold at Big 5 Sporting Goods stores in the Seattle, Washington metropolitan area.

16. Counsel for K-2 represents that they have given telephonic and electronic notice of the complaint and motion and have emailed copies of the motion and all related documents to in-house counsel for Body Glove.

## III. CONCLUSIONS OF LAW

1. The court has subject matter jurisdiction over the federal claims in this matter pursuant to, *inter alia*, 15 U.S.C. §§ 1114 and 1116, and 28 U.S.C. § 1338(a). The court will exercise its supplemental jurisdiction over the Washington state law claims in this matter.

2. Injunctive relief, including a temporary restraining order, is available to plaintiffs who demonstrate violations of the Lanham Act. 15 U.S.C. § 1116(a); *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 835 (9th Cir. 2001).

3. In order to obtain a temporary restraining order, K-2 must meet the standards for issuing a preliminary injunction. *Stuhlbarg Int'l Sales*, 240 F.3d at 839 n.7 (noting that preliminary injunction and temporary restraining order standards are "substantially identical").

4. When a party seeks an ex parte temporary restraining order, it must also demonstrate reasons for granting the order without notice to the other party. Fed. R. Civ. P. 65(b).

5. K-2 must meet either the Ninth Circuit's "traditional" or "alternative" test for a preliminary injunction. The traditional test requires the court to find that:

ORDER – 3

> (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief.

*Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir. 1987).

6. The alternative test requires the court to find that:

   > (1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor.

   Id. (citations omitted).

7. The two prongs of the alternative test are not separate inquiries, but rather "extremes of a single continuum." *Clear Channel Outdoor, Inc. v. City of Los Angeles*, 340 F.3d 810, 813 (9th Cir. 2003). A strong showing of hardship means that the plaintiff need not show as strong a likelihood of success, and vice versa. See id.

8. The court's ultimate decision on a motion for temporary restraining order is within its discretion. *Stuhlbarg Int'l Sales*, 240 F.3d at 841 n.8.

9. In a trademark infringement claim, irreparable injury may be presumed from a showing of likelihood of success on the merits. *GoTo.Com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1205 n.4 (9th Cir. 2000).

10. As to K-2's copyright infringement claim, K-2 has demonstrated a high probability of success on the merits and has shown a possibility of irreparable harm if Body Glove is permitted to continue selling the Stormblock Pants. The irreparable harm includes tarnishing K-2's reputation and goodwill through the sale of potentially inferior goods that are easily confused with the Nellis Pants. The court finds, therefore, that K-2 is entitled to a temporary restraining order under the Ninth Circuit's alternative test.

ORDER – 4

11. As to K-2's trademark counterfeiting and trademark infringement claims, K-2 has also demonstrated a high probability of success on the merits. Irreparable injury is thus presumed. The court finds, therefore, that K-2 is entitled to a temporary restraining order under the Ninth Circuit's alternative test.

12. The court finds that under these circumstances, providing Body Glove with notice and an opportunity for hearing on K-2's motion would permit further irreparable harm to K-2. Ex parte relief is therefore appropriate.

13. The court declines to enter an ex parte order for the seizure of the Stormblock Pants inventory from Big 5 Sporting Goods pursuant to 15 U.S.C. § 1116(d). Big 5 Sporting Goods is not a defendant in this case and K-2 has not shown that Big 5 Sporting Goods is likely to alter or destroy the challenged inventory and merchandise.

14. The court declines to seal the case.

## IV. TEMPORARY RESTRAINING ORDER

Body Glove and its representatives and employees, and any business entity under its control, are enjoined from the following:

1. Using any of K-2's word or design trademarks, or any counterfeit or colorable imitation of said trademarks, in connection with the advertising, promotion, offer for sale, distribution, or sale of skis, snowboards or any other sporting goods equipment that does not originate with K-2.

2. All parties shall appear in this court on <u>Thursday, January 22, 2009, at 1:30 p.m.</u> to show cause why the court should not enter a preliminary injunction on the same terms as this temporary restraining order, and also to address whether the court should order the seizure of Stormblock Pants from Big 5 Sporting Goods stores.

ORDER – 5

3. Pending the show cause hearing, Body Glove is enjoined from directly or indirectly selling any Stormblock Pants.

4. Pending the show cause hearing, Body Glove shall retain possession of all Stormblock Pants, and shall not transfer or alter said Stormblock Pants.

5. K-2 shall file an undertaking with the court in the sum of $7,500.00.

6. Pursuant to Federal Rules of Civil Procedure 30 and 34, the court grants K-2's request for expedited discovery with respect to Body Glove, or any agent thereof, as follows:

   a. K-2 may engage in immediate discovery with respect to Body Glove's, or any of its agents', creation, manufacturing, sourcing, pricing, distribution, advertising, and promotion of the Stormblock Pants; the quantity of Stormblock Pants made, sold, and in inventory; the current location of Stormblock Pants; the profits made by Body Glove from the sale of Stormblock Pants; and all other matters relevant to this action.

   b. Thirty-six (36) hours shall be sufficient notice for any deposition.

   c. Forty-eight (48) hours shall be sufficient notice to request the production of documents.

   d. Any deposition taken pursuant to this order shall not be counted toward the 10-deposition limit set forth in Rules 30 and 31, provided that the depositions so taken number no more than five.

   e. Service of requests for discovery made pursuant to this order shall be sufficient if made by email, facsimile, or overnight delivery and accompanied by telephonic notice.

7. The above order shall not take effect until K-2 serves Body Glove with this order, and files such undertaking with the court.

ORDER – 6

8. K-2 shall serve Big 5 Sporting Goods with a copy of this order.

Dated this 13th day of January, 2009.

JAMES L. ROBART
United States District Judge

ORDER – 7